In re Frank HOLLAND, Debtor.

No. 02–34387.

United States Bankruptcy Court,
N.D. Ohio.

Dec. 23, 2002.

James L. Crates, Paul N. McKinley, Jr., Kenton, OH, John J. Hunter, Jr., H. Buswell Roberts, Shumaker, Loop & Kendrick, Toledo, OH, Joseph C. Winner, McFadden, Winner & Savage, Columbus, OH, for creditors.

Randy Lee Reeves, Lima, OH, for debtor.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

Before the Court in this case are two separate Motions: A Motion to Dismiss filed by the U.S. Bank on August 28, 2002; and a Motion to Dismiss filed by the Standing Chapter 13 Trustee, Anthony B. DiSalle, on August 29, 2002. The basis for both of these Motions is that the Debtor's secured debts exceed the limit set forth in 11 U.S.C. § 109(e) which provides, in relevant part:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000, ... may be a debtor under chapter 13 of this title.

As it pertains to this position, U.S. Bank has also asserted that the Debtor failed to list in his bankruptcy schedules an additional secured debt in the amount of Seventy–Five Thousand Ninety dollars ($75,-090.00).

The Debtor has objected to the above Motions on the grounds that, although he listed in his bankruptcy schedules secured debts totaling over the limit set forth in § 109(e) ($901,945.06 to be exact), one of his debts, being undersecured, should be divided into its respective secured and unsecured components. As it pertains to this assertion, the facts presented in this case show that the Debtor listed in his bankruptcy schedules a secured debt to Firstar Bank, N.A., in the amount of One Hundred Eighty-five Thousand Six Hundred Fifty-two and 08/100 dollars ($185,-652.08) which was secured by collateral worth only Fifty-seven Thousand dollars ($57,000.00).

On October 2, 2002, the Court held a hearing on the Debtor's objection to the herein stated Motions to Dismiss at which time the Parties were provided with an additional fourteen days to brief the Court on the matters raised. In his brief submitted to the Court, the Debtor, in addition to raising the issue concerning the undersecured nature of one his debt, also sought to amend his bankruptcy schedules so as to revise downward his total secured debts. Thus, as it pertains to the Debtor's

objection, two issues need to be addressed. First, should this Court accept the Debtor's amended figures regarding his secured debt. And second, for purposes of the dollar limitation set forth in § 109(e), does an undersecured debt get bifurcated into its secured and unsecured components. The Sixth Circuit's decision in *Comprehensive Accounting Corp. v. Pearson (In re Pearson)*, 773 F.2d 751, 756 (6th Cir.1985), is illustrative as to how both of these issues should be decided.

■ In *In re Pearson* the debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. Prior to filing, an arbitrator had awarded Comprehensive Account Corporation a claim against the debtors for One Hundred Twenty-seven Thousand Four Hundred Fifty and 12/100 dollars ($127,450.12). In their bankruptcy schedules, the debtors listed Comprehensive as having both a secured and unsecured claim, but showing the amount of each claim as unknown and in dispute. Later, the debtors amended their chapter 13 schedules so as to show Comprehensive as an unsecured creditor with a claim of One Hundred Twenty-seven Thousand Four Hundred Fifty and 12/100 dollars ($127,450.12); the debtors did this so as to comport with a proof of claim previously filed by Comprehensive, but reserved the right to later contest the validity and the amount of the claim. At the confirmation hearing held two days later, Comprehensive objected to confirmation on the grounds that the debtors' unsecured debts exceeded the jurisdictional limit set forth in § 109(e), which at that time stood at One Hundred Thousand dollars ($100,000.00). Comprehensive's objection, however, was overruled by the bankruptcy court which held that at the time their petition was filed, the debtors' non-contingent, liquidated unsecured debts were less than One Hundred Thousand

dollars ($100,000.00), and that the subsequent amended statement did not cause the debtor to become ineligible for Chapter 13 relief.

■ The bankruptcy court's decision was later affirmed by the Sixth Circuit Court of Appeals which held that "[t]he bankruptcy judge and the district judge both looked realistically to the state of the debtors' affairs as it reasonably appeared on the date of filing." *Id.* at 758. In coming to this decision, the Court found that both the text of § 109(e) and Congressional intent supported the position that a debtor's "Chapter 13 eligibility should normally be determined by the debtor's schedules checking only to see if the schedules were made in good faith." *Id.* at 757. As it applies to this holding, the Court in *In re Pearson* explained as follows:

> . . . a court should rely primarily upon the debtor's schedules checking only to see if the schedules were made in good faith on the theory that section 109(e) considers debts as they exist at the time of filing, not after a hearing. We adhere to this construction as more harmonious with congressional intent and with the statutory scheme. First, section 109(e) provides that the eligibility computation is based on the date of filing the petition; it states nothing about computing eligibility after a hearing on the merits of the claims. Second, the fact that evidence must be taken to determine the amount of the claim indicates that, until then, the claim was unliquidated. Third, the Bankruptcy Code contemplates that a Chapter 13 plan be adopted and implemented in a short period of time. Rule 3015 of the Bankruptcy Code provides that a plan shall be filed within 15 days after the filing of the petition and such time shall not be extended except for cause shown. Unless the court orders

otherwise, the debtor shall commence making the payments proposed by a plan within 30 days after the plan is filed. 11 U.S.C. § 1326. Thus, within forty-five days of the Chapter 13 bankruptcy petition, the debtor should be making payments under the proposed plan.

*Id.* at 756 (internal citations and punctuation omitted).

The facts of this case, of course, differ slightly from the circumstances presented in *In re Pearson;* most notably, in *In re Pearson,* the debtors, unlike the situation here, originally listed their debt under the jurisdictional threshold set forth in § 109(e). Nevertheless, on this difference alone, the Court can see no compelling reason why it should deviate from the holding in *In re Pearson.* Thus, as it applies to the first issue raised in this case, the Court, in following the Sixth Circuit's holding in *In re Pearson,* will not utilize any amended figures put forth by the Debtor concerning his secured debts.

■ The second issue raised in this case concerns whether an undersecured claim should, for purposes of § 109(e), be categorized according to both its secured and unsecured components. As it concerns this issue, the Sixth Circuit, although not directly ruling on this matter, recognized the existence of this issue in *In re Pearson* by stating as follows:

The bankruptcy courts disagree on the related issue of what portion of an undersecured debt should be considered secured for purposes of section 109(e). The court in *In re Ballard,* 4 Bankr. 271 (Bankr.E.D.Va.1980), would include as a secured debt only that amount of the debt which does not exceed the value of the collateral since section 506(a), 11 U.S.C. § 506(a), provides that a creditor's allowed claim is a secured claim only to the extent of the value of such

creditor's interest in the property securing the debt. The amount of secured debt is to be determined by the debtor's statements unless the creditor presents evidence to the contrary on the value of the security. *Id.* at 275.

On the other hand, the court in *In re Morton,* 43 Bankr. 215 (Bankr.E.D.N.Y. 1984), held that the whole portion of the debt should be considered secured for the section 109(e) computation. "The focus of section 109(e) is of debts existing at the time of filing while the focus of section 506(a) is of claims existing and allowed well beyond the filing date." 43 Bankr. at 220. Congress did not intend that a determination of Chapter 13 eligibility be delayed until the case has substantially progressed. Post-petition events should not be considered because they often occur "after the debtor and other parties in interest have expended relatively large amounts of time, money, and effort toward the debtor's reorganization." *Id.* Hence, according to the court in *Morton,* the portion of a secured creditor's claim, which is rendered unsecured pursuant to 11 U.S.C. § 506(a), is not to be considered unsecured debt of the debtor in a determination under 11 U.S.C. § 109(e).

*Id.* at 756.

As it applies to the above cases cited by the Sixth Circuit *In re Pearson,* the line of reasoning espouse in *In re Morton* seems to most closely comport with the Sixth Circuit's position as it relates to a debtor's eligibility for Chapter 13 relief under § 109(e). The reason for this is that, as previously pointed out, the Sixth Circuit in *In re Pearson* held that in any § 109(e) analysis, a bankruptcy court should simply look at events as they exist on the date of the filing of the petition. As pointed out by the bankruptcy court in *In re Morton,* however, bifurcating a undersecured debt

into its respective unsecured and secured components occurs well beyond the date of the filing of the petition. Thus, for consistency purposes, this Court believes that, if directly confronted with the issue, the Sixth Circuit would not, in determining a debtor's Chapter 13 eligibility under § 109(e), divide an undersecured debt into its respective secured and unsecured parts.

Therefore, for the reasons stated above, the Court finds that the Debtor's secured debts, as propounded in his schedules originally filed with the Court, exceed the debt limit set forth in 11 U.S.C. § 109(e). As such, the Debtor's Chapter 13 bankruptcy case will be Dismissed. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Objection filed by the Debtor, Frank Holland, to the Motions to Dismiss filed by the U.S. Bank and Anthony B. DiSalle, Standing Chapter 13 Trustee, be, and is hereby, OVERRULED.

It is **FURTHER ORDERED** that the Chapter 13 bankruptcy case filed by the Debtor, Frank Holland, be, and is hereby, DISMISSED.